UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| CLIFFORD SKIDMORE | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 6: 08-321-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES EARL HENLEY, ET AL. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\***

Clifford Skidmore ("Skidmore") filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. [DE 2] The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997). As Skidmore is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

**I.**

Skidmore alleges that on June 18, 2004, Defendant Hensley, a Kentucky State

Police Officer, arrested Skidmore and his wife Shellie Skidmore while they were driving their vehicle. Mrs. Skidmore was found in possession of 20 pills of oxycontin, while Skidmore was found in possession of Xanax, for which he alleges he had a prescription. Following the arrest, the Skidmore's vehicle was towed and impounded.

Skidmore further alleges that on June 21, 2004, Hensley again arrested him while he was riding on a lawn mower for possession of Xanax, which he had purchased "on the street" because the police had confiscated his prescription Xanax. Skidmore then gave his written consent for Hensley to search the Skidmore's already-impounded vehicle again. During this search Hensley removed a door-mounted speaker grille and discovered more than 50 pills of oxycontin. Skidmore alleges that Hensley must have planted the drugs there, as they were not present in the car before it was impounded. Based on this new evidence, Skidmore was indicted by a grand jury on drug trafficking charges in 2007.

Skidmore separately alleges that on May 5, 2008, after he had been released to home incarceration but still prior to trial, Defendant Russell, a Circuit Court Judge for Harlan County, denied his request to leave his home to attend church on Sunday. Skidmore alleges that others in home incarceration facing similar charges have been allowed to attend church on Sunday.

Skidmore filed this civil action on October 6, 2008, alleging that Hensley fabricated evidence and thereby violated his constitutional right to a fair trial. Skidmore further alleges that Judge Russell's refusal to let him attend Sunday church violated his constitutional right to freely exercise his religion.

Included with Skidmore's Complaint are a number of documents attached as exhibits.

Included with those exhibits is a September 19, 2008, letter which indicates that Skidmore is currently on house arrest. Skidmore has included a copy of the indictment, which was issued by the grand jury in December 2007. Finally, Skidmore includes a copy of a "Motion to Enter Guilty Plea," signed by Skidmore and dated September 4, 2008. That document indicates that the charge related to Skidmore's initial arrest for possession of Xanax and the charge for possession with intent to distribute Oxycontin were to be dismissed, with Skidmore pleading guilty to possession of Xanax for which he lacked a prescription, agreeing to time served, 4 ½ months in jail and 4 months home incarceration. However, Skidmore's letter indicates that the trial court has recently rejected the plea agreement.

## A.

Skidmore's claims against KSP Officer Hensley must be dismissed as premature. Any claim which challenges evidence to be used in a criminal case, as insufficient or constitutionally infirm, is pursued in the first instance in the criminal proceeding itself, typically through a motion to dismiss the indictment, suppress evidence, or subsequently to challenge any conviction on direct appeal. Had Skidmore already been convicted of the charged crimes, his claims would face a potential bar under *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (any civil rights claim which would necessarily call into question the validity of a criminal conviction is not cognizable until that conviction is reversed or otherwise vacated). Here, however, Skidmore indicates that he is a pretrial detainee, and thus that he has not yet been convicted of any crime arising out of the arrest and prosecution about which he now complains.

In such circumstances, where

> ... a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. ... If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 127 S.Ct. 1091, 1098 (2007) (*citing Heck*, 512 U.S. at 487-88; *Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996); *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)); *see also Johnson v. Arndt*, 2005 WL 348409 (9th Cir. 2005) (illegal seizure and wrongful arrest claims against police officers were premature under *Heck* where success on claims would have necessarily implied invalidity of his convictions and arrestee had not demonstrated that those convictions had been overturned). Therefore, at a minimum, Skidmore's claims regarding his prosecution would have to be stayed pending the outcome of his state court criminal proceedings.

However, in *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts must not exercise their jurisdiction in equity to enjoin state criminal prosecutions absent truly extraordinary circumstances. *Id*. at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). To determine whether *Younger* abstention is required, a court considers whether (1) a state proceeding is pending at the time the federal action is initiated; (2) an adequate opportunity is provided to raise the constitutional claims in state court; and (3) there are extraordinary circumstances that nevertheless warrant federal intervention. *Id*.

Skidmore has indicated that, at the time he filed his complaint in this action, he was a pretrial detainee in custody awaiting resolution of the criminal charges against him, whether by plea agreement or trial. There is no indication in the record that the state court would refuse to consider his constitutional claims, and due respect for the legal process in state courts precludes any presumption that state courts are unable or unwilling to safeguard federal constitutional rights. *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). Nothing in Skidmore's complaint indicates the presence of any factor which "render[s] the state court incapable of fairly and fully adjudicating the federal issues before it" as required to satisfy the "extraordinary circumstances" exception. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

The record therefore indicates that *Younger* abstention is appropriate, and indeed required, with respect to Skidmore's allegations regarding alleged constitutional infirmities of his prosecution. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings). Where *Younger* abstention is appropriate, it requires dismissal of those claims without prejudice. *Zalman*, 802 F.2d at 207 n.11. Thus, while a stay of these proceedings would be permissible in light of *Heck*-related concerns, dismissal of these claims without prejudice is more appropriate in light of *Younger*.

### B.

Skidmore's claim against Judge Russell fails as a matter of law. While the First Amendment requires that jails afford prisoners reasonable opportunities to practice their

religious faith, it allows penal institutions to place reasonable restrictions on that practice in order to maintain institutional security and stability. *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). This general rule applies with equal force to pretrial detainees through the Fourteenth Amendment. *Allen v. Montgomery County Jail*, 1990 WL 14063, *2 (6th Cir. 1990). While the terms of Skidmore's home incarceration may have precluded him from leaving his home to attend church on Sunday, it left open other possibilities for religious worship, such as prayer, self-study, and visits from a minister. The restriction against travel outside his home was consistent with his home confinement, which itself afforded him substantially more freedom than continued confinement in jail. Because Skidmore retained numerous other methods to freely exercise his religious beliefs, the restriction satisfied the requirement that it be reasonably related to legitimate penalogical interests under *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see Polk v. Parnell*, 1997 WL 778511, **2 (6th Cir. 1997). Even if this were not so, Judge Russell denied Skidmore's request in his role as a judge presiding over Skidmore's criminal proceedings, and would therefore be entitled to absolute judicial immunity. Where a judge commits a judicial act, such as issuing a ruling in a case pending before him, the judge is absolutely immune for civil liability, even if the ruling is in error. *Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir. 1994).

## II.

Accordingly, it is **ORDERED** that:

1. Plaintiff's claims challenging evidence relevant to the criminal proceedings against him are **DISMISSED WITHOUT PREJUDICE.**

2. Plaintiff's claims regarding the Court's denial of his request to attend church

on Sunday is **DISMISSED WITH PREJUDICE**.

    3.    The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Chanced v. Scarman*, 117 F.3d 949 (6th Cir. 1997).

    4.    Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This the 15th day of October, 2008.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge